UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division



MARK J. BAKER,

    Plaintiff,

v.                                                         Civil Action No. 4:11cv37

PATTERSON MEDICAL SUPPLY, INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is currently before the court on defendant's motions to dismiss or, in the alternative, strike Count IV of plaintiff's amended complaint. The court has reviewed the briefs and record and finds that oral argument is unnecessary because the facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. For the reasons set forth below, defendant's motions are **DENIED**.

### Background

This products liability action arises out of plaintiff's use of a folding shower chair allegedly designed, manufactured, distributed, and sold by the defendant, Patterson Medical Supply, Inc. ("Patterson"). In short, plaintiff, who suffers from multiple sclerosis, alleges that he suffered serious injuries when his arm became entangled in such a chair on October 20, 2009.[1]

Plaintiff commenced this action in the Circuit Court for the City of Hampton, Virginia on January 18, 2011. Patterson then removed the action to this court on February 11, 2011. Shortly

---

[1] Specifically, plaintiff alleges that he (1) sustained catastrophic tissue damage which necessitated the amputation of his left arm, (2) suffered kidney failure, and (3) currently suffers from severe emotional distress.

thereafter, Patterson filed motions to dismiss and/or strike Count IV of plaintiff's original complaint. In support of these motions, Patterson argued that Count IV failed to state an independent cause of action and instead simply restated various allegations previously set forth in Counts II and III of the complaint. By Agreed Order dated April 7, 2011, the court granted plaintiff leave to file an amended complaint designating Count IV as a claim for breach of the implied warranty of fitness for a particular purpose under Virginia Code Section 8.2-315.

In accordance with the court's Order, Plaintiff filed an amended complaint on April 20, 2011. In Count IV of the amended complaint, plaintiff alleges that Patterson "knew . . . and had reason to know the particular purpose for which its folding shower chair was required and that the [p]laintiff was relying on its skill in furnishing its product" for that purpose. Am. Compl. ¶ 34. Plaintiff further alleges that the particular purpose known to Patterson "involved interaction with the product by handicapped persons such as the [p]laintiff in confined spaces and in circumstances unique to the handicapped end user," and that the "folding shower chair was in fact not safe and fit for such purposes . . . ." Id. at 35.

On April 27, 2011, Patterson filed the instant motions, arguing that Count IV of the amended complaint suffers from the same deficiencies as Count IV of the original complaint.

### Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to seek the dismissal of any count that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of the complaint. Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009). Accordingly, when considering a Rule 12(b)(6) motion to dismiss, the court must assume the truth of all well-pleaded factual allegations in the complaint and view those allegations in the light must favorable to the plaintiff.

2

Brockington v. Boykins, 637 F.3d 503, 505 (4th Cir. 2011); Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). This plausibility standard does not equate to a probability requirement. Rather, it simply requires that a plaintiff display "more than a sheer possibility" that the defendant is liable for the misconduct alleged in the complaint. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2008). Stated differently, the complaint's factual allegations must be sufficient to "raise [the] right to relief above the speculative level." Twombly, 550 U.S. at 555. As always, Rule 12(b)(6) must be read in conjunction with Federal Rule of Civil Procedure 8(a)(2), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Id.

## Analysis

Virginia Code Section 8.2-315 provides that when a "seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is . . . an implied warranty that the goods shall be fit for such a purpose." To recover under Section 8.2-315, "a buyer must prove that (1) the seller had reason to know the particular purpose for which the buyer required the goods, (2) the seller had reason to know the buyer was relying on the seller's skill or judgment to furnish appropriate goods, and (3) the buyer in fact relied upon the seller's skill or judgment." Medcom, Inc. v. C. Arthur Weaver Co., Inc., 348 S.E.2d 243, 246 (Va. 1986).

Here, as previously discussed, plaintiff alleges in Count IV that Patterson had reason to know the particular purpose for which plaintiff purchased the folding shower chair, and that

3

plaintiff relied on Patterson's skill in furnishing its chair for that purpose. Plaintiff further notes the particular purpose for which the chair was selected, and alleges that the chair was not fit for that purpose. When viewed in the context of the remainder of plaintiff's amended complaint, these allegations are certainly sufficient to "raise [plaintiff's] right to relief above the speculative level." Twombly, 550 U.S. at 555.

Notwithstanding the above, Patterson argues that Count IV should be dismissed because it is unclear whether it advances a cause of action sounding in negligence, breach of warranty, breach of contract, or some other legal theory. The court, however, disagrees. As previously noted, by Agreed Order dated April 7, 2011, the court granted plaintiff leave to file an amended complaint designating Count IV as a claim for breach of the implied warranty of fitness for a particular purpose under Virginia Code Section 8.2-315. Thereafter, plaintiff filed an amended complaint which sets forth allegations plainly referencing the "particular purpose" for which he purchased Patterson's shower chair. Accordingly, the court is of the opinion that Patterson has received sufficient notice of the nature of the claim asserted against it in Count IV of the amended complaint.

For these reasons, the court must deny Patterson's motion to dismiss and permit Count IV of the amended complaint to survive as a claim for breach of the implied warranty of fitness for a particular purpose under Virginia Code Section 8.2-315.[2]

---

[2] The court is aware that Patterson also contends that Count IV should be dismissed due to plaintiff's "admission" that he was not the original purchaser of the shower chair at issue. However, Patterson raised this argument for the first time in its reply brief. Accordingly, the court will not consider it here. See Clawson v. FedEx Ground Package System, Inc., 451 F. Supp. 2d 731, 734 (D. Md. 2006) (noting that the "ordinary rule in federal courts is that an argument raised for the first time in a reply brief or memorandum will not be considered" (citing United States v. Williams, 445 F.3d 724, 736 n.6 (4th Cir. 2006))). Patterson is free, of course, to raise this issue at a later time.

Turning to Patterson's motion to strike, the allegations in Count IV of the amended complaint are not duplicative of the allegations set forth in Counts II and III. Rather, as previously discussed, the allegations in Count IV are unique in their focus on the "particular purpose" for which plaintiff purchased Patterson's shower chair. Thus, the court must deny Patterson's motion to strike Count IV of the amended complaint.

## Conclusion

For the reasons stated above, Patterson's motions to dismiss and strike Count IV of the amended complaint are **DENIED**.

The Clerk is **REQUESTED** to mail copies of this Opinion to all counsel of record.

It is so **ORDERED**.

/s/

Raymond A. Jackson
UNITED STATES DISTRICT JUDGE

Norfolk, Va.
July 13, 2011