IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division



MARK J. BAKER,

    Plaintiff,

v.                                CIVIL ACTION NO. 4:11cv37

PATTERSON MEDICAL SUPPLY, INC.,

    Defendant/
    Third-Party Plaintiff

v.

DYNA-LIFE PRODUCTS, INC.
and
VALENTINE INTERNATIONAL LTD.,

    Third-Party Defendants.

## *ORDER*

This matter is currently before the Court on objections to the Magistrate Judge's Report and Recommendations.

On January 18, 2011, Plaintiff Mark S. Baker ("Baker") filed this suit against Patterson Medical Supply, Inc. ("Patterson") in the Circuit Court for the City of Hampton, Virginia, alleging various tort and contract claims arising from injuries Baker suffered as a result of an alleged defect in a folding shower chair. On February 11, 2011, Patterson removed the suit to the United States District Court in the Eastern District of Virginia, Newport News Division.

On March 14, 2011, Patterson filed a third-party complaint against Dyna-Life Products, Inc. ("Dyna-Life") and Valentine International Ltd. ("Valentine") (collectively, "Third-Party Defendants") for breach of warranty and for equitable indemnity. On March 15, 2011, Patterson

1

filed Affidavits of Service of Process, indicating that Third-Party Defendants are non-residents of Virginia and subject to personal jurisdiction in the Commonwealth pursuant to Virginia Code § 8.01-329. On April 14, 2011, Patterson served the Secretary of the Commonwealth as statutory agent for the Third-Party Defendants and the Secretary of the Commonwealth forwarded summonses and the third-party complaint to Dyna-Life's registered agent in Florida and to Valentine, c/o of Mary Valentine-Gyorffy, Johnny Chiu, and Zolton Gyorffy in Florida. Patterson then filed Certificates of Compliance on April 20, 2011.

On May 20, 2011, Dyan-Life and Valentine filed a Motion to Quash Service of Process and a Motion to Dismiss for Lack of Personal Jurisdiction. Patterson opposed both motions and requested jurisdictional discovery if the Court finds that the evidence is insufficient to establish personal jurisdiction over Third-Party Defendants. On June 10, 2011 and August 11, 2011, this Court entered orders designating United States Magistrate Judge F. Bradford Stillman ("Judge Stillman") to conduct hearings and submit proposed findings of fact, if applicable, and recommendations for the disposition of the motions. Judge Stillman conducted a hearing on the motions on September 23, 2011.

On November 17, 2011, Judge Stillman filed his Report and Recommendations ("Report" or "R&R") in which he recommended that Third-Party Defendants' Motion to Dismiss for Lack of Personal Jurisdiction be GRANTED and that Third-Party Defendants' Motion to Quash Service of Process be DENIED as moot. Judge Stillman also DENIED Patterson's request for jurisdictional discovery. Further, the Report advised the parties of their right to file written objections to Judge Stillman's findings and recommendations. On December 2, 2011, Patterson filed objections to the Report and Third-Party Defendants filed their opposition to Patterson's objections on December 19, 2011.

Under Rule 72(b)(3) of the Federal Rules of Civil Procedure, a district judge is required to "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The phrase "de novo determination," as used in Rule 72, means that a district court judge must give "fresh consideration" to portions of the Magistrate Judge's report and recommendation. *United States v. Raddatz*, 447 U.S. 667, 675 (1980). In other words, " 'the court should make an independent determination of the issues' and should 'not . . . give any special weight to the [prior] determination.' " *Id.* (quoting *United States v. First City Nat'l Bank*, 386 U.S. 361, 368 (1967) (alterations in the original). "The district judge may accept, reject, or modify the recommended decision; receive further evidence; or recommit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Patterson has lodged ten objections to Judge Stillman's Report. However, the objections fall into three categories. First, Patterson contends that the Report improperly relied on the Third-Party Defendants' affidavits and representations, since the affidavits do not address the extent of their sales to large retailers or via a large distribution network within the United States. Third-Party Pl.'s Objs. U.S. Mag. Judge R&R at ¶¶ 1, 3, 4, 8, 9. Second, Patterson contends that it has asserted more than bare allegations in support of finding personal jurisdiction over Third-Party Defendants, contrary to the Report's findings. Third-Party Pl.'s Objs. U.S. Mag. Judge R&R at ¶ 7. Third, Patterson contends that Judge Stillman erred by denying its request for jurisdictional discovery, as the evidence Patterson needs to establish a *prima facie* case of personal jurisdiction remains solely in Third-Party Defendants' custody. Third-Party Pl.'s Objs. U.S. Mag. Judge R&R at ¶¶ 2, 5, 6, 9, 10. Each set of Patterson's objections will be addressed in turn.

As an initial matter, Patterson's objections generally indicate a misunderstanding of its burden of proof. Where a defendant moves to dismiss for lack of personal jurisdiction and "the

3

court addresses the question on the basis only of motion papers, supporting legal memoranda and the relevant allegations of a complaint," the plaintiff, here Patterson, has the burden to make a *prima facie* showing of a sufficient jurisdictional basis to survive the jurisdictional challenge. *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 294 (4th Cir. 2005) (citations omitted). However, both at oral argument and in its objections, Patterson essentially conceded its inability to make out a *prima facie* case of jurisdiction, absent the Court's grant of jurisdictional discovery. *See* Hr'g Tr. 33:19-34:5[1]; Third-Party Pl.'s Objs. U.S. Mag. Judge R&R at ¶ 10 ("By declining even the most rudimentary and limited jurisdictional discovery . . . the Magistrate has effectively eliminated any possibility of Patterson making out a *prima facie* case based on direct or *indirect* contacts within the Commonwealth."). As a result, Patterson's objections to Judge Stillman's Report are largely misplaced and, ultimately, unsuccessful.

Turning to Patterson's first set of objections, Patterson asserts that the affidavits Third-Party Defendants submitted to the Court inadequately rebut a finding of personal jurisdiction since the affidavits address *direct* sales to and contacts with the Commonwealth of Virginia but do not address *indirect* contacts with the Commonwealth through nationwide retailers or a national distribution network, or indirect marketing efforts targeted at the Commonwealth. *See e.g.*, Third-Party Pl.'s Objs. U.S. Mag. Judge R&R at ¶¶ 1, 3-4. Patterson's objections are without merit for several reasons. First and foremost, Third-Party Defendants are not required to rebut the existence of personal jurisdiction; rather, it is Patterson's burden to prove. Additionally, these objections relate to evidence Patterson seeks to uncover which would support a "stream of commerce" theory of personal jurisdiction over Third-Party Defendants. As Third-

---

[1] [Counsel for Patterson:]". . . [C]onspicuously absent in the affidavit is any reference to what products are shipped to Virginia but billed elsewhere . . . We don't know what sales they have to large medical needs customers such as . . . healthcare facilities that have a large presence in Virginia. All of that is solely within their custody. I don't want to misrepresent to the Court that I know that exists. I can't." Hr'g Tr. 33:19-34:5.

4

Party Defendants point out in their opposition to Patterson's objections, the United States Supreme Court has clarified that the "stream of commerce" theory of personal jurisdiction relates to *specific* jurisdiction, rather than *general* jurisdiction. *See Goodyear Dunlop Tires Operations, S.A. et al. v. Brown et ux.*, 131 S. Ct. 2846, 2852 (2011) ("Flow of a manufacturer's products into the forum . . . may bolster an affiliation germane to *specific* jurisdiction. But ties serving to bolster the exercise of specific jurisdiction do not warrant a determination that, based on those ties, the forum has *general* jurisdiction over a defendant.") (internal citations omitted). However, Judge Stillman found that "Patterson conceded that specific jurisdiction does not exist over Third-Party Defendants" during the oral argument.[2] U.S. Mag. Judge R&R at 15. As a result, Patterson essentially has waived its ability to assert specific jurisdiction now in its objections.

In light of the case law discussed *supra*, it appears to the Court that Patterson's counsel erred by conceding a lack of specific jurisdiction while still advocating a "stream of commerce" theory of personal jurisdiction, especially given that establishing general jurisdiction is "a more demanding standard than necessary for establishing specific jurisdiction." *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002). However, even if the Court were to consider whether Patterson has established a *prima facie* case of specific jurisdiction over Third-Party Defendants on the record before it, the facts are insufficient to establish a *prima facie* case.

The Fourth Circuit has articulated that, under its three-part test for asserting specific personal jurisdiction under the Due Process Clause, it "consider[s] 1) the extent to which the

---

[2] When Judge Stillman asked Patterson's counsel, Mr. Salb, what basis of jurisdiction Patterson was appealing to, Mr. Salb stated: "It would have to be general jurisdiction, Your Honor. There is no question. I cannot represent to the Court that there was a direct sale of this chair by Valentine DynaLife to somebody in Virginia with knowledge it was coming here. So if there is going to be jurisdiction, it will be general jurisdiction." Hr'g Tr. 31:6-13.

5

defendant purposefully availed itself of the privilege of conducting activities in the State; 2) whether the plaintiffs' claims arise out of those activities directed at the State; and 3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 278 (4th Cir. 2009) (internal quotations and citations omitted). If, and only if, the Court finds that the plaintiff has satisfied the first prong – purposeful availment – does the Court need to consider the second and third prongs. *Consulting Eng'rs Corp.*, 561 F.3d at 278. Further, the Supreme Court's most recent pronouncement of the "stream of commerce" doctrine, in a plurality decision by Justice Kennedy, indicates that "[t]he placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum state." *J. McIntyre Machinery, Ltd. v. Nicastro*, 131 S. Ct. 2780, 2788-89 (2011) (quoting *Asahi Metal Indus. Co. v. Superior Court of Cal., Solano Cnty*, 480 U.S. 102, 112 (1987) (plurality decision) (O'Connor, J.)). The *Nicastro* plurality expressly disavowed the argument in Justice Brennan's concurrence in *Asahi* that " 'jurisdiction premised on the placement of a product into the stream of commerce [without more] is consistent with the Due Process Clause,' for, '[a]s long as a participant in this process is aware that the final product is being marketed in the forum State, the possibility of a lawsuit there cannot come as a surprise.' " *Nicastro*, 131 S. Ct. at 2788-89 (quoting *Asahi Metal Indus. Co.*, 480 U.S. at 117) (Brennan, J., concurring) ("Justice Brennan's concurrence, advocating a rule based on general notions of fairness and foreseeability, is inconsistent with the premises of lawful judicial power."). Thus, according to the *Nicastro* plurality, "it is the defendant's actions, not his expectations, that empower a State's courts to subject him to judgment."[3] *Nicastro*, 131 S. Ct. at 2789.

---

[3] Justice Breyer's concurrence in *Nicastro*, concurring in the judgment only, expresses an unwillingness to endorse the plurality's reasoning here. *Nicastro*, 131 S. Ct. at 2791-94 (Breyer,

6

With this backdrop in mind, the Court finds that Patterson is unable to establish a *prima facie* case of specific personal jurisdiction. Third-Party Defendants have sold only one Shower Chair – the allegedly defective product in this case – in either the United States or elsewhere. Mem. Supp. Mot. Dismiss Lack Personal Jurisd., Ex. A at ¶¶ 28-29 ("Mary Valentine-Gyorffy Affidavit") ("In fact, Valentine has never sold this style of product to any of its clients in the United States. Valentine has only sold this product to one client in the United Kingdom."). Importantly, that sale was to a purchaser in the United Kingdom, who then supplied the product to Patterson. *See id.* Further, Third-Party Defendants specifically deny any knowledge of marketing or advertising efforts directed at the Commonwealth of Virginia. *Id.* at ¶ 8. Patterson also concedes that it cannot proffer evidence of Third-Party Defendants' sales to retailers or other high volume dealers, other than evidence that Third-Party Defendants require minimum purchases of $3,000, which is the reason they seek jurisdictional discovery. Third-Party Pl.'s Objs. U.S. Mag. Judge R&R at ¶ 9.

However, even if Patterson could show that Third-Party Defendants make sales to large retailers or via a nationwide distribution network – which they deny in their opposition to Patterson's objections – Patterson has proffered no evidence that Third-Party Defendants purposely availed themselves of the privilege of conducting activities in the Commonwealth. *See* Third-Party Defs.' Response Patterson's Objs. U.S. Mag. Judge R&R at 11 (contending with "Patterson's focus on whether Third-Party Defendants sold products to high-volume sellers,

---

J., concurring). However, even Justice Breyer notes that "the Court, in separate opinions, has strongly suggested that a single sale of a product in a State does not constitute an adequate basis for asserting jurisdiction over an out-of-state defendant, even if that defendant places his goods in the stream of commerce, fully aware (and hoping) that such a sale will take place." *Id.* Further, Justice Breyer noted that, in *Nicastro*, "the relevant facts found by the New Jersey Supreme Court show no 'regular . . . flow' or 'regular course' of sales in New Jersey; and there is no 'something more,' such as special state-related design, advertising, advice, marketing, or anything else." *Id.* The scenario that Justice Breyer describes is almost identical to the circumstances present in the instant case.

which they did not, and should have expected those products would be sold in Virginia, which they did not"). Further, Third-Party Defendants expressly deny such purposeful conduct. Mary Valentine-Gyorffry Affidavit at ¶ 8. Therefore, since Patterson has not proffered sufficient evidence to establish a *prima face* case of specific personal jurisdiction, the Court will not exercise personal jurisdiction over Third-Party Defendants on this basis. *See Nicastro*, 131 S. Ct. at 2790, 2792 (Breyer, J., concurring) ("None of our precedents finds that a single isolated sale, even if accompanied by the kind of sales effort indicated here, is sufficient" where the facts showed an agreement to distribute Defendant's machines in the United States, Defendant's attendance at trade shows in several states but not the forum at issue, and up to four machines ending up in the forum.).

While Patterson overwhelmingly relies on the potential for a "stream of commerce" theory of specific personal jurisdiction in its objections, Patterson also asserts in passing that its inability to obtain jurisdictional discovery precludes it from assessing how "continuous and systematic" Third-Party Defendants' contacts with the Commonwealth truly are in order to establish *general* jurisdiction. Third-Party Pl.'s Objs. U.S. Mag. Judge R&R at ¶ 6. In this way, Patterson appears to be contesting Judge Stillman's finding of insufficient evidence to support a *prima facie* case of general personal jurisdiction over Third-Party Defendants. Contrary to Patterson's objections and as discussed *supra*, however, it is Patterson that has the burden to proffer evidence of Third-Party Defendants' continuous and systematic contacts with the forum, and it has failed to meet that burden. The Court concurs with Judge Stillman's findings that Third-Party Defendants' contacts with the Commonwealth of Virginia include two isolated sales to Virginia corporations in 2004 and 2010, and Third-Party Defendants' minimally interactive website. U.S. Mag. Judge R&R at 18. As observed *supra*, Third-Party Defendants also specifically deny continuous contacts with the Commonwealth, including their lack of marketing

and advertising in the forum. Mary Valentine-Gyorffry Affidavit at ¶ 8. Taken together, these contacts (or the lack thereof) are simply insufficient to establish even a *prima facie* case of the "continuous and systematic" contacts necessary for general jurisdiction over a defendant in a manner that comports with due process. *Int'l Shoe Co. v. State of Wash., Office of Unemployment Compensation & Placement, et al.*, 326 U.S. 310, 317 (1947).

Patterson's second category of objections relate to its statement and argument that it has asserted more than "bare allegations" for finding personal jurisdiction over Third-Party Defendants. Third-Party Pl.'s Objs. U.S. Mag. Judge R&R at ¶ 7. In support of this objection, Patterson points to what Patterson believes to be inconsistencies between Third-Party Defendants' affidavits and their catalogs regarding the nature of Third-Party Defendants' business, including apparent attempts to market its products in the United States. *Id.* Patterson's illustrations are one factor the Court may consider in assessing the weight of the evidence and the argument before it; however, they are not direct evidence of jurisdiction. At best, the evidence summarized in paragraph seven of Patterson's objections would evince Third-Party Defendants' attempt to market products in the United States. This fact, in turn, relates to the "stream of commerce" analysis *supra*, and the Court relies on that analysis in finding the objection asserted in paragraph seven to be without merit.

Patterson's third category of objections relate to Judge Stillman's denial of Patterson's request for jurisdictional discovery. Effectively, Patterson argues that it is unable to establish personal jurisdiction because the evidence that would support personal jurisdiction remains within Third-Party Defendants' custody. Third-Party Pl.'s Objs. U.S. Mag. Judge R&R at ¶¶ 2, 5, 6, 9, 10. According to the Fourth Circuit, "the decision of whether or not to permit jurisdictional discovery is a matter committed to the sound discretion of the district court." *Base Metal Trading, Ltd. v. OJSC "Novokuznetsky Aluminum Factory,"* 283 F.3d 208, 216 n.3 (4th

Cir. 2002). "When a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402-03 (4th Cir. 2003); *see also McLaughlin v. McPhail*, 707 F.2d 800, 806-07 (4th Cir. 1983) (finding the district court did not abuse its discretion in denying jurisdictional discovery when "[a]gainst the defendants' affidavits stating that they had not engaged in any of the act [sic] enumerated in § 6-103, [Plaintiff] offered 'nothing beyond his bare allegations" that the defendants had had significant contacts with the state of Maryland"). Further, where, as here, the "plaintiff simply wants to conduct a fishing expedition in the hopes of discovering some basis of jurisdiction," the Fourth Circuit will not disturb a district court's exercise of its discretion to deny jurisdictional discovery. *Base Metal Trading*, 283 F.3d at 216 n.3.

After analyzing the record and the evidence which Patterson has provided the Court, the Court concludes that Patterson has offered only the kind of evidence which amounts to mere speculation. That evidence, without more, cannot justify permitting jurisdictional discovery in this case. Further, Patterson's pleadings demonstrate that its request for jurisdictional discovery amounts to a "fishing expedition in the hopes of discovering some basis of jurisdiction," *Base Metal Trading*, 283 F.3d at 216 n.3, which the Court will not allow.

Patterson has not provided the Court with any concrete evidence to suggest that Third-Party Defendants have marketed or sold products, directly or indirectly, to residents in the Commonwealth, other than two isolated sales in 2004 and 2010. Patterson requests jurisdictional discovery to uncover this evidence but is unsure whether or not it exists. Specifically, Patterson seeks evidence of Third-Party Defendants' sales to retailers or nationwide distributors. Third-Party Pl.'s Objs. U.S. Mag. Judge R&R at ¶¶ 1, 3, 4, 9. It is Patterson's hope that these customers, in turn, will have significant enough relationships with the Commonwealth to infer

Third-Party Defendants' intent to reach the Commonwealth. Patterson also seeks to uncover evidence of Third-Party Defendants' "indirect" sales and marketing efforts that potentially were directed at the Commonwealth, perhaps through these retailers and distributors. Third-Party Pl.'s Objs. U.S. Mag. Judge R&R at ¶¶ 8, 10. However, these requests highlight the extent to which Patterson's request for jurisdictional discovery is speculative and would constitute a "fishing expedition." While disputes in this inquiry should be resolved in Patterson's favor, the Court sees Patterson's requests as too speculative and unsupported by the evidence before the Court to permit jurisdictional discovery.

The Court has reviewed the record and the objections to the Report carefully and independently. Having done so, the Court finds that there is no merit to Patterson's objections. Accordingly, the Court does hereby accept the findings and recommendations set forth in Judge Stillman's report and recommendations in the case at bar.

It is, therefore, **ORDERED** that Third-Party Defendants' Motion to Dismiss for Lack of Personal Jurisdiction is **GRANTED**. Accordingly, Third-Party Defendants' Motion to Quash Service of Process is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiffs' request for jurisdictional discovery is **DENIED**.

The Clerk of the Court is **DIRECTED** to send a copy of this Order to counsel of record.

**IT IS SO ORDERED.**

/s/
Raymond A. Jackson
United States District Judge

Norfolk, Virginia
February 3, 2012